

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2007

# Hen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1314

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hen v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1263.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1263

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1314

———————

JAM JIN HEN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

———————

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A79-734-428
Immigration Judge: Miriam K. Mills

———————

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2007

———————

Before: RENDELL, BARRY and CHAGARES, Circuit Judges

(Opinion Filed: April 18, 2007)

———————

OPINION

———————


BARRY, Circuit Judge

        Petitioner, Jam Jin Hen, a native and citizen of Indonesia, petitions for review of

an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's

("IJ") denial of his application for withholding of removal and protection under the Convention Against Torture ("CAT"). For the following reasons, we will deny the petition.

## I.

Hen, who is ethnically Chinese, entered the United States on December 26, 2000 as a non-immigrant visitor for pleasure. He was authorized to remain in the country until February 26, 2001. He failed to leave, and, in March 2003, the government served him with a Notice to Appear alleging that he was removable as a non-immigrant who remained in the United States for a period of time longer than permitted, in violation of section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B). In July 2003, Hen conceded the charges and filed an application for asylum, withholding of removal, and protection under CAT.

A hearing on Hen's application was held on September 14, 2004. He testified that he left Indonesia in December 2000 because during the civil riots that occurred in May 1998 he was chased by native Indonesians and witnessed them rip the clothes off women. He testified that nothing happened to him after that but he was fearful because he had heard about bombings occurring elsewhere in the country. He also claimed in his application for relief that because of his ethnicity he was mocked as a child and was not allowed to attend school. Although Hen's wife and two children have remained safely in Indonesia, he testified that he is afraid to return because "[s]omething might be [sic] happen to me, because, until now, I still heard some bombings happened anywhere."

2

(A.R. 56.)

Following the hearing, the IJ issued an oral decision denying petitioner's application. The IJ found that petitioner was statutorily barred from seeking asylum. She also concluded that Hen's primary motive in leaving Indonesia was "economic," and that, given his family's continued well-being and the dearth of evidence of past persecution, he had failed "to meet his burden of proof and show that he will more likely than not be harmed if he returns to Indonesia based on his ethnicity." (A.R. 36, 38.) The IJ did grant him the privilege of voluntary departure. The BIA affirmed the IJ's decision, finding that Hen had failed to allege past persecution and that "the reasonableness of [his] fear of persecution is undercut when his family remains in Indonesia unharmed for a long period of time after his departure." (A.R. 2–3.)

Petitioner appealed the denial of his application for withholding of removal and protection under CAT.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Where, as here, the BIA adopts the findings of the IJ but also engages in a discussion of various issues, we review both the IJ and the BIA. Sukwanputra v. Gonzales, 434 F.3d 627, 631 (3d Cir. 2006).

---

[1] Hen does not challenge the denial of his asylum application. Even if he did, however, pursuant to 8 U.S.C. § 1158(a)(3), we have no jurisdiction to conduct such a review. See Sukwanputra v. Gonzales, 434 F.3d 627, 633–35 (3d Cir. 2006).

3

**II.**

To qualify for withholding of removal, an applicant must "demonstrate a 'clear probability' that, upon return to his or her home country, his or her 'life or freedom would be threatened' on account of race, religion, nationality, membership in a particular social group, or political opinion." Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004). An applicant can meet this burden by showing that he has suffered past persecution or that it is "more likely than not that he or she would be persecuted" either by being singled out individually or because of the existence of a "pattern or practice of persecution." 8 C.F.R. § 1208.16(b)(1), (2). "Persecution" requires " 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom,' " Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)), which are "committed by the government or forces the government is either unable or unwilling to control," Sukwanputra, 434 F.3d at 637. In order for there to be a "pattern or practice of persecution" of a certain group, such persecution must be " 'systemic, pervasive, or organized.' " Lie, 396 F.3d at 537 (quoting Ngure v. Ashcroft, 367 F.3d 975, 991 (8th Cir. 2004)).

To be eligible for protection under CAT, the applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

We review the findings of the IJ and the BIA under the substantial evidence standard to determine if they are "supported by evidence that a reasonable mind would

4

find adequate." Dia v. Ashcroft, 353 F.3d 228, 247–49 (3d Cir. 2003) (en banc). We may reverse a finding only when "no reasonable fact finder could make that finding on the administrative record." Id. at 249.

The findings of the IJ and the BIA are based on substantial evidence in the record. First, the finding that Hen has not suffered persecution in the past is supported by ample evidence. Hen testified to only one incident—his fleeing of native Indonesians during widespread civil rioting. Such random acts of private violence do not rise to the level of persecution. See Abdille v. Ashcroft, 242 F.3d 477, 494 (3d Cir. 2001).

Second, Hen has failed to establish that he would be persecuted upon his return to Indonesia. Hen's testimony amounted to nothing more than a generalized fear of terrorism and the belief that "[it] could happen to me." (A.R. 63.) Furthermore, following the 1998 incident, Hen waited almost two years to leave Indonesia. During that time he suffered no harm and since his departure his wife and two children have remained in Indonesia without incident. These facts severely undermine his claim that he will more likely than not be persecuted upon his return. See Lie, 396 F.3d at 537. In addition, Hen has not shown, and the Country Reports included in the administrative record belie the proposition, that persecution of ethnic Chinese by the Indonesian government or forces that it is unwilling to control is "systemic, pervasive, or organized" so as to establish that a pattern or practice of persecution of ethnic Chinese currently exists in Indonesia. (A.R. 90–121.)

Finally, there is substantial evidence to support the findings of the IJ and the BIA

5

that petitioner has failed to establish that it is more likely than not that he will be tortured upon his return to Indonesia.

## III.

For the foregoing reasons, we will deny the petition for review.